ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CAROL ELIZABETH VIVONI BEATY<br><br>Peticionaria<br><br>v.<br><br>TRIBUNAL DE PRIMERA INSTANCIA<br><br>Recurrido | KLRX202400001 | *Recurso* procedente de caso atendiéndose en Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV05839<br><br>Sobre: Mandamus |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico a 30 de enero de 2024.

Comparece ante nosotros, la Sra. Carol Elizabeth Vivoni Beaty (peticionaria) mediante un recurso de *mandamus* presentado el pasado 16 de enero de 2024*.* En este solicita que le ordenemos al Tribunal Superior de San Juan a cumplir con lo ordenado en nuestra sentencia emitida por este Tribunal en el caso KLAN202300294.

Evaluado el derecho aplicable y los hechos que surgen de los autos ante nosotros, estamos en posición de disponer del recurso ante nuestra consideración.

## I.

Las alegaciones que surgen de los autos del caso son las que en adelante se esbozan.

El Auto de Mandamus se presenta el pasado 16 de enero de 2024. Como peticionaria lo presenta la Sra. Carol Elizabeth Vivoni Beaty. Como la parte contra quien se solicita el Auto se indica el Tribunal Superior de San Juan, aunque en el epígrafe denomina a

la parte contra quién se trae el Mandamus como Tribunal de Primera Instancia.

El caso surge luego que este foro emite su Sentencia en el caso KLAN202300294, en el cual era apelante la aquí peticionaria y apelados sus hermanos demandados. En el caso ante el TPI SJ2022CV05839, se había dictado una Sentencia que desestimaba la demanda y contra dicha Sentencia se recurrió en apelación a este foro, en el caso que antes detallamos.

En el caso número KLAN202300294, este Tribunal emitió sentencia que dejaba sin efecto la emitida por la Jueza Cristina Suau, que formaba y forma parte del Tribunal Superior de San Juan, en el caso del TPI número SJ2022CV05839. En dicha Sentencia del TA se produce un mandato que se emite el 22 de agosto de 2023 y se le asigna a la Jueza Suau.

En la Sentencia que emitió este Tribunal de Apelaciones y que advino final y firme, se decretó y a modo de resumen citamos:

"… mantener el trámite del caso y ordenar al tribunal velar por que se cumplan adecuadamente los actos que permiten la encomienda aceptada por los ejecutores de forma que se salvaguarden los derechos de todos los herederos. No procede ninguna de las mociones de desestimación. Ello implica de inmediato, al recibo del mandato en este caso, unir como partes indispensables a los herederos de la viuda fallecida, que aún no son partes en el caso. Una vez subsanado ese defecto, se tiene que ordenar a los ejecutores que ocupan el cargo, contestar la demanda y luego rendir un informe detallado de lo que han hecho y de lo que estiman que les falta por hacer. Ese informe se presentará al Tribunal con copia a cada heredero que no está entre los ejecutores.
Luego de ello el TPI tiene que mantener el intercambio de información entre los herederos, de forma que se permita armonizar los intereses de las partes y solo ello permitirá lograr la partición de la herencia lo antes posible."

Una vez recibido el Mandato, se procedió por la Jueza Suau a continuar los procedimientos permitiendo unir las partes indispensables que faltaban en el caso, al solicitarse ello por Moción presentada el 7 de septiembre de 2023, reiterada con otra fechada el 28 de septiembre de 2023 y expedirse en esa última

fecha orden para continuar los procedimientos que tuvo el efecto de ordenar el trámite para expedición de los emplazamientos que se debían diligenciar en estas nuevas partes.

Surgen del apéndice que se acompaña a este recurso que se notificó por mociones el trámite, según se diligenciaban los emplazamientos. Por moción fechada el 30 de octubre de 2023 la parte allí demandante solicitó una vista sobre el estado de los procedimientos, la cual se señaló para el 29 de noviembre de 2023 a las 11:00 am, pero se dejó sin efecto a petición de las partes demandadas. No se indicó nueva fecha para la vista en la orden decretando la suspensión.

La demandante por Moción fechada 14 de noviembre de 2023, requirió orden para que las partes demandadas provean cierta información. Luego el Tribunal emite explicaciones procesales en torno a trámite para nuevas partes que se trajeron como demandados. Los denominados ejecutores universales presentan Moción de Prórroga para continuar en el cargo sin reconocer ni mencionar su obligación de proveer todos los detalles de la información del caudal que ellos han estado administrando, pero proveen copia del Certificado de Cancelación de Gravamen Contributivo (relevo de hacienda) y varios otros documentos sobre el trámite que aquí nos ocupa.

Las partes, durante el periodo luego de la suspensión del señalamiento que antes detallamos, se han intercambiado múltiples mociones que han sido atendidas por la Jueza que tiene asignado el caso.

Lo ultimo que tenemos en el apéndice a esta petición son ordenes de la Jueza concediendo prórrogas que han solicitado distintas partes. Esas órdenes son del 4 de enero de 2024 y este recurso de Mandamos se presenta el 16 de enero de 2024.

En este, como antes indicamos, se solicita que le ordenemos al Tribunal Superior de San Juan a cumplir con lo ordenado en nuestra sentencia emitida por este Tribunal en el caso KLAN202300294.

Veamos el derecho aplicable.

## II.

El *mandamus* es un recurso altamente privilegiado y discrecional mediante el cual se exige a una persona natural o jurídica el cumplimiento de un deber ministerial dentro de las atribuciones o deberes del cargo que ocupa.[1] Un deber ministerial se refiere a un mandato específico que no admite ejercicio de discreción en su cumplimiento.[2] Dicho auto no confiere nueva autoridad y la parte a quien obliga deberá tener la facultad de poder cumplirlo.[3]

Como bien expresa la ley, el auto de *mandamus* es privilegiado. Esto significa que su expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. Dicha expedición "no procede cuando hay un remedio ordinario dentro del curso de ley, porque el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos".[4]

El *mandamus*, "aunque es un remedio en ley, participa de la índole de los de equidad". Por consiguiente, algunos principios rectores de los recursos de equidad, como los que gobiernan el *injunction*, son aplicables al auto de *mandamus*.[5]

La procedencia del *mandamus* depende inexorablemente del carácter del acto que se pretende compeler mediante dicho

---

[1] Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421
[2] *Kilómetro 0, Inc. v. Pesquera López et al.*, 207 DPR 200 (2021 TSPR 72), citando a *Romero, Valentín v. Cruz*, CEE et al. 205 DPR 972 (2020 TSPR 143).
[3] 32 LPRA sec. 3421.
[4] *AMPR v. Srio. Educación, ELA*, 178 DPR 253, 266 (2010).
[5] *AMPR v. Srio. Educación, ELA*, supra, pág. 263.

recurso.[6] Sólo procede para ordenar el cumplimiento de un deber ministerial, que no admite discreción en su ejercicio, cuando no hay otro mecanismo en ley para conseguir dicho remedio.[7]

**El requisito fundamental para expedir el recurso de *mandamus* reside, pues, en la constancia de un deber claramente definido que debe ser ejecutado.** Es decir, "la ley no sólo debe autorizar, sino exigir la acción requerida".[8] Por tal razón, aquella persona que se vea afectada por el incumplimiento del deber podrá solicitar el recurso.[9]

**Ahora bien, antes de radicarse la petición de *Mandamus*, la jurisprudencia requiere, que el peticionario le haya hecho un requerimiento previo al demandado para que éste cumpla con el deber que se le exige, debiendo alegarse en la petición, tanto el requerimiento como la negativa, o la omisión del funcionario en darle curso.** Sólo se exime de este requisito: 1) cuando aparece que el requerimiento hubiese sido inútil e infructuoso, pues si de haberse hecho hubiese sido denegado; o 2) cuando el deber que se pretende exigir es uno de carácter público, a diferencia de uno de naturaleza particular, que afecta solamente el derecho del peticionario.[10]

De otra parte, como requisito de forma, no solamente se **requiere que la petición esté dirigida a la persona obligada al cumplimiento de un acto**, sino que debe estar juramentada por la parte que promueve su expedición.[11] Así lo dispone la Regla

---

[6] D. Rivé Rivera, Recursos Extraordinarios, 2da ed., San Juan, Ed. UIA, 1996, pág. 107.

[7] *Acevedo Vilá v. Aponte Hernández*, 168 DPR 443, 454-455 (2006); Báez *Galib y otros v. CEE*, 152 DPR 382 (2000).

[8] *AMPR v. Srio. Educación, ELA*, supra, pág. 263-264.

[9] *Id.*

[10] *Noriega v. Hernández Colón*, supra, pág. 448-449.

[11] *Báez Galib v. Roselló González*, 147 DPR 371 (1998).

54 de Procedimiento Civil, *supra*, en lo pertinente, cuando expresa lo siguiente: "el auto de *mandamus*, tanto perentorio como alternativo, podrá obtenerse presentando una solicitud jurada al efecto". (Énfasis nuestro).

Entre los factores a tomarse en consideración cuando se solicita de un tribunal la expedición de un auto de *mandamus* se encuentran: el posible impacto que éste pueda tener sobre los intereses públicos que puedan estar envueltos; evitar una intromisión indebida en los procedimientos del poder ejecutivo, y que el auto no se preste a confusión o perjuicios de los derechos de terceros.[12] Además, el remedio de *mandamus* no procede cuando hay un recurso adecuado y eficaz en el curso ordinario de la ley.[13]

El Reglamento de este Tribunal de Apelaciones, rige los procedimientos de *mandamus* en las Reglas 54 y 55(J), las que disponen lo siguiente:

> Los procedimientos de hábeas corpus y *mandamus* se regirán por la reglamentación procesal civil, por las leyes especiales pertinentes y por estas reglas.[14]

> La parte peticionaria emplazará a todas las partes a tenor con las disposiciones de las Reglas de Procedimiento Civil y de las leyes pertinentes. Cuando se trate de un recurso de *mandamus* dirigido contra un Juez o Jueza para que éste o ésta cumpla con un deber ministerial con relación a un caso que esté pendiente ante su consideración, **el peticionario no tendrá que emplazar al Juez o Jueza de acuerdo con las disposiciones pertinentes de las Reglas de Procedimiento Civil. En estos casos, bastará con que el peticionario notifique al Juez o Jueza con copia del escrito de *mandamus* en conformidad con lo dispuesto en la Regla 13(B) de este Reglamento**. **También deberá notificar a las otras partes en el pleito que originó la petición de *mandamus* y al tribunal donde éste se encuentre pendiente, en conformidad con la Regla 13(B).**[15]

---

[12] *AMPR v. Srio. Educación, ELA*, supra, pág. 268.
[13] Artículo 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423.
[14] T. 4 Ap. XXII-B, R. 54.
[15] T. 4 Ap. XXII-B, R. 55(J). (Énfasis nuestro).

### III.

En el caso de autos, la peticionaria ha dirigido el mismo al Tribunal Superior de San Juan o al Tribunal de Primera Instancia. Ello no permite considerar perfeccionados todos los requisitos del Auto de Mandamus.

Como antes indicamos, en este tipo de Auto, en particular cuando se dirige contra jueces, se requiere que se dirija a la persona, con su nombre completo, que ocupa el cargo de Juez o Jueza y tiene el deber de cumplir el mandato y no ha cumplido el mismo. Ante ello no es posible continuar este trámite en un Auto de Mandamus dirigido al Tribunal Superior de San Juan o al Tribunal de Primera Instancia pues este auto se tenía que dirigir con nombre y apellido a la Jueza que tenía asignada el caso en el Tribunal de Primera Instancia y ello no se hizo y debido a ello no tenemos otra alternativa que desestimar este recurso.

### IV.

Por los fundamentos antes expuestos, los que hacemos formar parte de esta Sentencia, desestimamos el presente recurso por falta de jurisdicción.  Se devuelve al Tribunal de Primera Instancia, Sala Superior de San Juan, para la continuación de los procedimientos.

**Notifíquese Inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones